## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY PALERMO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 10 C 2050** |
| | ) | |
| | ) | |
| **HILLARY RODHAM CLINTON,** | ) | |
| **Secretary, U.S. Department of State** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant's motion for summary judgment.

For the reasons stated below, the court grants the motion for summary judgment.

## BACKGROUND

Plaintiff Anthony Palermo (Palermo) alleges that he is a Caucasian male and

that he has worked at the Department of State's Chicago Regional Passport Office

since July of 1995. Palermo also alleges that he filed various Equal Employment

Opportunity complaints of discrimination (EEO Complaints) beginning in 2002 and

that he filed a complaint in federal court in 2004 (2004 Case), alleging that he was

1

discriminated against when he did not receive two promotions.  In settlement of the

2004 Case, Palermo was allegedly promoted to the position of Passport Operations

Officer and advanced to level GS-11.  Palermo further alleges that he filed a

complaint in federal court in 2008 (2008 Case), alleging that he was discriminated

against when Defendant failed to promote Palermo to level GS-12.  Palermo alleges

that the 2008 Case is still pending.

In addition, Palermo alleges that his manager, Brittany Williams (Williams),

who is a black female, and another one of his direct supervisors, Terry Green (Green)

were aware of his EEO Complaints, the 2004 Case, and the 2008 Case.  According to

Palermo, in 2007, Williams found Palermo ineligible for a performance-based bonus

(2007 Bonus), despite the fact that Palermo received a performance rating of

"excellent" on his performance evaluation for 2007.  (Compl. Par. 10).  Williams

also allegedly made comments on Palermo's performance evaluation for 2008 (2008

Performance Evaluation) that were "inaccurate, inflammatory, and delayed."

(Compl. Par. 11).  In addition, Palermo was allegedly never provided a copy of the

final, signed 2008 Performance Evaluation.  According to Palermo, Defendant did

not award him the 2007 Bonus, issued him a negative 2008 Performance Review,

and withheld his final, signed 2008 Performance Review based on Palermo's race,

gender, and prior complaints of discrimination.

Palermo includes in his complaint a claim alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.* (Count I), a Title VII gender discrimination claim (Count II), and a Title VII retaliation claim (Count III). Defendant moves for summary judgment on all claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts

showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine

issue" in the context of a motion for summary judgment is not simply a

"metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material

fact exists when "the evidence is such that a reasonable jury could return a verdict for

the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986);

*Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a

motion for summary judgment, the court must consider the record as a whole, in a

light most favorable to the non-moving party, and draw all reasonable inferences in

favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens*

*Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).


## DISCUSSION

A plaintiff bringing a Title VII claim can defeat a defendant's motion for

summary judgment under the direct method of proof or the indirect method of proof.

*Darchak v. City of Chicago Bd. of Educ.*, 580 F.3d 622, 630 (7th Cir. 2009).


## I. Direct Method of Proof - Discrimination

To defeat a defendant's summary judgment motion under the direct method of

proof in a Title VII discrimination case, a plaintiff must show through direct or

circumstantial evidence that there are "'triable issues as to whether discrimination

motivated the adverse employment action.'"  *Darchak v. City of Chicago Bd. of*

*Educ.*, 580 F.3d 622, 631 (7th Cir. 2009)(quoting *Nagle v. Vill. of Calumet Park,* 554

F.3d 1106, 1114 (7th Cir. 2009))(citation omitted); *see also Stephens v. Erickson*,

569 F.3d 779, 787 (7th Cir. 2009)(stating that "[a] plaintiff may also prevail by

constructing a convincing mosaic of circumstantial evidence that allows a jury to

infer intentional discrimination by the decisionmaker")(internal quotations omitted).

Palermo has not argued that he should be entitled to proceed with his discrimination

claims under the direct method of proof.  However, even if Palermo had made such

an argument, Palermo has not pointed to direct evidence of unlawful discrimination

nor pointed to sufficient circumstantial evidence to create a convincing mosaic of

evidence that indicates unlawful discrimination.  Since Palermo has not pointed to

sufficient direct or circumstantial evidence to show that there are triable issues as to

whether discrimination motivated the employment actions at issue, Palermo cannot

proceed under the direct method of proof on his discrimination claims.


II.  Direct Method of Proof - Retaliation

To defeat a defendant's summary judgment motion under the direct method of proof in a Title VII retaliation case, a plaintiff must establish: "(1) he engaged in a statutorily protected activity; (2) he suffered a materially adverse action by his employer; and (3) a causal link between the two." *Chapin v. Fort-Rohr Motors, Inc.*, 621 F.3d 673, 677 (7th Cir. 2010); *see also Leitgen v. Franciscan Skemp Healthcare, Inc.*, 630 F.3d 668, 673 (7th Cir. 2011)(indicating that, under the direct method of proof, a plaintiff can use direct or circumstantial evidence to establish the elements of his retaliation case). Palermo has not argued that he should be entitled to proceed with his retaliation claim under the direct method of proof. However, even if Palermo had made such an argument, Palermo has not pointed to evidence of a causal connection between his statutorily protected activity and the actions that he has identified as adverse employment actions. Therefore, Palermo cannot proceed under the direct method of proof on his retaliation claim.

III.  Indirect Method of Proof - Discrimination

Defendant contends that Palermo cannot proceed under the indirect method of proof on his discrimination claim. Under the indirect method of proof, a plaintiff must first make out a *prima facie* case of discrimination by establishing "(1) that he was a member of a protected class, (2) that he was performing his job satisfactorily,

(3) that he suffered an adverse employment action, and (4) that [the defendant] treated a similarly situated individual outside [the] protected class more favorably." *Montgomery v. American Airlines, Inc*., 626 F.3d 382, 394 (7th Cir. 2010)(citing *Dear v. Shinseki,* 578 F.3d 605, 609 (7th Cir. 2009)).  In a reverse discrimination case, the first prong of the *prima facie* case is modified to require the plaintiff to "show background circumstances sufficient to demonstrate that the particular employer has reason or inclination to discriminate invidiously against whites [or men] or evidence that there is something 'fishy' about the facts at hand."  *Hague v. Thompson Distribution Co.*, 436 F.3d 816, 820 (7th Cir. 2006)(citations omitted)(internal quotations omitted).  If the plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the employer to present a legitimate non-discriminatory reason for the adverse employment action.  *Everroad v. Scott Truck Systems, Inc.*, 604 F.3d 471, 477 (7th Cir. 2010)(citing *Lucas v. PyraMax Bank, FSB*, 539 F.3d 661, 666 (7th Cir. 2008)).  If the employer offers such an explanation, the burden shifts to the plaintiff to show that the given reason was a pretext for unlawful discrimination.  *Id.*

## A.  *Prima Facie* Case

In regard to the *prima facie* case of discrimination, it is not disputed that Palermo was meeting his employer's legitimate non-discriminatory expectations. Defendant contends that Palermo did not suffer any adverse employment action and that Palermo has not pointed to similarly-situated employees outside the protected classes that were treated more favorably.

### 1.  Background Circumstances or Evidence that Facts are "Fishy"

Under the modified *McDonnell Douglas* standard, Palermo has to show sufficient "background circumstances" or "evidence that there is something 'fishy' about the facts at hand." *Hague*, 436 F.3d at 820.  Palermo believes that Williams spoke to and treated people of her same race or gender more favorably.  (SAF Par. 14-15).  Palermo identified three African American employees, two females and one male, whom he believes were hired or promoted by Williams and whom Palermo believes were unqualified or under-qualified for their positions.  (SAF Par. 18). Palermo has not presented evidence to support his beliefs relating to Williams' treatment of others in the office or Williams' hiring of the individuals he identified. Thus, Palermo has not shown sufficient background circumstances to satisfy the first prong of the modified *McDonnell Douglas* standard.  In addition, Palermo's

discrimination claims relate to Defendant's failure to award him the 2007 Bonus, Defendant's failure to issue him a positive 2008 Performance Evaluation, and Defendant's failure to provide Palermo a final, signed copy of his 2008 Performance Evaluation. However, Palermo has not provided sufficient evidence relating to other employees' bonuses or performance evaluations which would indicate anything "fishy" about the facts in this case. Based on the above, Palermo has failed to satisfy the first prong of the modified *McDonnell Douglas* standard.

### 2. Whether Palermo Suffered Any Adverse Employment Action

Palermo contends that Defendant discriminated against him by failing to award him the 2007 Bonus, by giving him a negative 2008 Performance Evaluation, and by failing to provide him a final, signed copy of his 2008 Performance Evaluation. Defendant argues that such acts do not constitute adverse employment actions.

### a. Failure to Award the 2007 Bonus

Palermo argues that Defendant's failure to award him the 2007 Bonus is an adverse employment action. For a plaintiff to establish that he suffered an adverse employment action, he must show that his employer's actions "materially alter[ed]

the terms and conditions of [his] employment" or, in other words, that he experienced a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a . . . significant change in benefits." *Stutler v. Illinois Dept. of Corrections*, 263 F.3d 698, 703 (7th Cir. 2001)(citations omitted)(internal quotations omitted). In addition, the Seventh Circuit has "repeatedly held that 'the denial of a monetary perk, such as a bonus or reimbursement of certain expenses, does not constitute an adverse employment action if it is wholly within the employer's discretion to grant or deny and is not a component of the employee's salary.'" *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1030 (7th Cir. 2004)(quoting *Tyler v. Ispat Inland, Inc.,* 245 F.3d 969, 972 (7th Cir. 2001)); *see also, e.g., Rabinovitz v. Pena,* 89 F.3d 482, 488-89 (7th Cir. 1996); *Fyfe v. City of Fort Wayne, Ind.,* 241 F.3d 597, 602-03 (7th Cir. 2001); *Farrell v. Butler Univ.,* 421 F.3d 609, 614 (7th Cir. 2005); *Maclin v. SBC Ameritech*, 520 F.3d 781, 788 (7th Cir. 2008). Palermo admits that the awarding of the 2007 Bonus was discretionary. (R SF Par. 16). Therefore, Defendant's failure to award Palermo the 2007 Bonus does not constitute an adverse employment action.

Palermo argues that the denial of the 2007 Bonus could be construed as an adverse employment action because it stemmed from Williams' or Green's failure to revalue and timely resubmit Palermo's award nomination to an awards committee

(Committee). However, if the denial of a discretionary bonus does not constitute an adverse employment action, then by logical extension, the failure to nominate (or re-nominate) an employee for a discretionary bonus would not constitute an adverse employment action either. *See Hottenroth*, 388 F.3d at 1030 (indicating that a supervisor's decision not to recommend an employee for a discretionary benefit does not constitute an adverse employment action). Therefore, Palermo's argument relating to Williams' or Green's failure to revalue and timely resubmit his nomination for the 2007 Bonus is without merit.

### b. "Negative" Performance Evaluation for 2008

Palermo argues that his 2008 Performance Evaluation was an adverse employment action. Palermo admits that he received an overall positive rating on his 2008 Performance Evaluation, but claims that the comments on his 2008 Performance Evaluation were negative. (R SF Par. 7). The law is clear that "negative performance evaluations . . . alone do not constitute an adverse employment action." *Haywood v. Lucent Technologies, Inc*., 323 F.3d 524, 532 (7th Cir. 2003)(citing *Hilt-Dyson v. City of Chicago,* 282 F.3d 456, 466 (7th Cir. 2002); *Grube v. Lau Indus.*, 257 F.3d 723, 729 (7th Cir. 2001); *Sweeney v. West,* 149 F.3d 550, 556 (7th Cir. 1998)); *see also, e.g., Cole v. Illinois*, 562 F.3d 812, 817 (7th Cir. 2009); *Oest v. Illinois Dept. of*

*Corrections*, 240 F.3d 605, 613 (7th Cir. 2001); *Stutler*, 263 F.3d at 703; *Smart v. Ball State Univ.*, 89 F.3d 437, 442 (7th Cir. 1996). Instead, a negative evaluation must cause "some tangible job consequence." *Lucas v. Chicago Transit Authority*, 367 F.3d 714, 731 (7th Cir. 2004); *see also Oest,* 240 F.3d at 613 (indicating that a negative evaluation is not an adverse employment action where the plaintiff has not shown that the evaluation caused an "immediate" or "inevitable" consequence).

Palermo acknowledges that his 2008 Performance Evaluation did not affect his employment with Defendant. (Resp. 6). Instead, Palermo argues that the comments on his 2008 Performance Evaluation "made it difficult or impossible for Palermo to change jobs or advance his career." (Resp. 6). Palermo has not pointed to any evidence actually showing that the comments on his 2008 Performance Evaluation prevented him from obtaining another job or a promotion. Palermo merely speculates that the comments on his 2008 Performance Evaluation "hinder his ability to gain new and higher level positions with different government agencies." (Rep. 6-7). Speculation does not suffice to create a genuine issue of fact. *Springer v. Durflinger,* 518 F.3d 479, 484 (7th Cir. 2008)(citing *Amadio v. Ford Motor Co.,* 238 F.3d 919, 927 (7th Cir. 2001) and *Borcky v. Maytag Corp.,* 248 F.3d 691, 695 (7th Cir. 2001)). Since Palermo has not shown that comments on his 2008 Performance Evaluation caused any tangible job consequence, his 2008 Performance Evaluation does not

constitute an adverse employment action.

<u>c.  Failure to Provide a Final Copy of Palermo's 2008 Performance Evaluation</u>

Palermo argues that Defendant's failure to provide him a final, signed copy of his 2008 Performance Evaluation is an adverse employment action.  Once again, Palermo has not claimed that Defendant's failure to provide him a final, signed copy of his 2008 Performance Evaluation affected his employment with Defendant. Instead, Palermo states that Defendant's failure to provide him a final, signed copy  of his 2008 Performance Evaluation made it impossible for him to obtain new employment with other governmental agencies.  (SAF Par. 13).  However, Palermo has only specifically identified one job application, an application for a position with the Department of Labor (DOL Position), that he claims was affected by Defendant's failure to provide Palermo a final, signed copy  of his 2008 performance evaluation. (SAF Par. 13). Palermo has not presented evidence regarding when he applied for the DOL Position.  (Palermo dep. 20-21).  Nor has Palermo presented evidence showing that, during the time period that the DOL Position was open for applications, he was even aware that he was required to submit a copy of his 2008 Performance Evaluation as part of his application for the DOL Position.  In fact, Palermo admitted in his deposition that he only learned that his application for the DOL Position was

considered incomplete in March 2010, which was after the application period for the DOL Position had closed. (Palermo dep. 32, 64).

In addition, with respect to the DOL Position, Palermo has not presented evidence regarding the requirements of the job, his qualifications for the job, or the applicant pool against whom he was competing. Further, the record shows that the DOL Position was a Grade 12 position, which was a grade higher than Palermo worked at the time. (Palermo dep. 21, 32). Thus, Palermo has not shown that Defendant's failure to provide him a final, signed copy of his 2008 Performance Evaluation was the reason he was not hired for the DOL Position. Palermo's contention regarding the DOL Position is purely speculative. As such, Palermo's failure to obtain the DOL Position cannot serve as a basis for finding that the failure to provide Palermo a final, signed copy of his 2008 Performance Evaluation constitutes an adverse employment action. *Springer,* 518 F.3d at 484.

Palermo also generally claims that there were other positions he was not hired for as a result of Defendant's failure to provide him a final, signed copy of his 2008 Performance Evaluation. While Palermo states that all such applications required a copy of his most recent performance review, (SAF Par. 13), Palermo has not specifically identified when he applied for any of the other positions. The record indicates that Palermo did not apply for many positions until 2010. (Palermo dep.

36).  The record also indicates that Palermo received his performance evaluation for 2009 in February 2010.  (Palermo dep. 20).  In addition, Palermo has not identified the requirements of the jobs he applied for, his qualifications for the jobs he applied for, or any facts relating to the applicant pool against whom he was competing.  The record shows that Palermo only applied for jobs that were either above the grade of his current position or jobs at his same grade with potential to advance to the next grade.  (Palermo dep. 32).  Since Palermo has not pointed to any evidence showing that he was not hired for other positions because of Defendant's failure to provide him a copy of his 2008 Performance Evaluation, such action by Defendant did not constitute an adverse employment action.

### 3.  Similarly-Situated Employees

Even if Palermo had established that he suffered an adverse employment action, Defendant argues that Palermo has not identified any similarly-situated employees outside the protected classes who were treated more favorably than Palermo.  When assessing whether a plaintiff has identified similarly-situated employees who were treated more favorably than the plaintiff, the court "must look at all relevant factors" to see if "there are sufficient common factors . . . to allow for a meaningful comparison in order to divine whether discrimination was involved in an

employment decision." *McGowan v. Deere & Co.*, 581 F.3d 575, 579-80 (7th Cir. 2009). Thus, the plaintiff is required to identify a similarly-situated employee who is "directly comparable to the plaintiff in all material respects." *Montgomery*, 626 F.3d at 393.

Palermo has not presented any evidence relating to whether other employees received bonuses for 2007. Instead, Palermo offers only his own unsupported, conclusory statement that "to [his] knowledge, he was the only member of the management team who did not receive a cash award for 2007." (SAF Par. 21). In addition, Palermo has not presented any evidence relating to the substance of other employees' 2008 performance evaluations or the dates that other employees received final copies of their 2008 performance evaluations. Again, Palermo offers only his unsupported, conclusory beliefs that Williams' evaluation of Palermo for 2008 was discriminatory because Williams spoke to or treated people of her own race and gender "more favorably." (SAF Par. 14, 15). Palermo cannot use such "uncorroborated generalities" to support his Title VII discrimination claims. *Oest*, 240 F.3d at 615.

Palermo has specifically identified two female African American employees and one male African American employee who he claims were hired or promoted by Williams even though, according to Palermo, they were unqualified or less-qualified

than Palermo. (SAF Par. 18). However, the instant action does not relate in any way to Defendant's failure to hire or promote Palermo. Further, even if the instant action did relate to Defendant's failure to hire or promote Palermo, Palermo has not offered any evidence relating to the hiring or promotion of the individuals whom he has identified, and again relies only on his own uncorroborated, conclusory statements that such individuals were unqualified or under-qualified for their positions. Such statements do not show that similarly-situated co-workers were treated more favorably than Palermo. *Oest*, 240 F.3d at 614. Based upon the above, Palermo has failed to identify any similarly-situated co-workers outside of the protected classes that were treated more favorably than him. Since Palermo has not identified an adverse employment action he suffered or identified a similarly-situated co-worker outside the protected classes who was treated more favorably than he was, Palermo has failed to establish a *prima facie* case of discrimination.

### B. Legitimate Reason and Lack of Pretext

Defendant argues that even if Palermo could establish a *prima facie* case of discrimination, Defendant had legitimate non-discriminatory reasons for its actions and Palermo cannot establish that Defendant's stated reasons for its actions are a pretext. In order to show that a defendant's legitimate non-discriminatory reason is a

pretext for unlawful discrimination, a plaintiff must show that the reason is "a lie rather than an oddity or an error." *Everroad*, 604 F.3d at 478-479.

1.  2007 Bonus

With respect to the 2007 Bonus, the undisputed facts show that Williams nominated Palermo for the 2007 Bonus and that the Committee initially declined to award Palermo the 2007 Bonus.  (R SAF Par. 20).  Palermo has not made any allegations or presented any evidence that, in failing to approve Williams' initial nomination of Palermo, the Committee discriminated against Palermo.  Instead, Palermo argues that after the Committee initially declined to award him the 2007 Bonus, Williams discriminated against him by failing to revalue and timely re-submit the award nomination to the Committee.  However, it is undisputed that the Committee requested that it be Green who revalued and resubmitted the nomination. (R SAF Par. 20).  Palermo has not made any allegations or presented any evidence that Green discriminated against Palermo on the basis of his race or gender.  It is further undisputed that the Committee ultimately denied Palermo the 2007 Bonus because the nomination period had closed by the time Green re-submitted the nomination.  (SAF Par. 20).  The record reflects that Green timely received the Committee's directive and Palermo has not presented any evidence to the contrary.  In

addition, Palermo has not presented any evidence that Green unreasonably delayed in resubmitting Palermo's nomination.  Thus, Palermo has not shown that the reasons given for denying Palermo the 2007 Bonus were a pretext or that Green intentionally caused the Committee to deny the nomination.

### 2.  Comments on 2008 Performance Evaluation

With respect to the 2008 Performance Evaluation, it is undisputed that Palermo received an overall rating of "exceeds expectations" on his 2008 Performance Evaluation.  (R SF Par. 7).  It is also undisputed that Palermo received a performance-based bonus for 2008.  (R SF Par. 6).  Further, it is undisputed that Palermo has characterized his 2008 Performance Evaluation as negative based on certain comments made by Williams as part of a narrative summary.  (R SF Par. 7).  Williams indicated at her deposition that her comments were intended as constructive criticism that would allow Palermo to improve his overall performance.  (Williams dep. 40-43).  Williams also indicated that, in completing performance evaluations, she frequently used such language and highlighted specific instances of an employee's conduct to show areas in which an employee could improve.  (Williams dep. 40-43).  The Seventh Circuit has acknowledged that "job-related criticism can prompt an employee to improve [] performance and thus lead to a new and more constructive employment

relationship." *Oest,* 240 F.3d at 613. Palermo has not presented any evidence to show that Williams' proffered reason for her comments was a lie. Nor has Palermo pointed to evidence showing that Williams did not customarily use such language or identify concrete situations regarding an employee's behavior in her performance evaluations. In fact, the record shows that Palermo had no knowledge regarding other employees' performance evaluations. (Palermo dep. 38-40). Palermo argues that it is undisputed that Williams agreed to a modification of the language that Palermo objected to, and that Williams' agreement is evidence that Williams lied about the reasons she made the comments at issue. To the contrary, Williams' willingness to modify her comments after discussing them with Palermo reinforces Williams' assertion that the comments were constructive, that there was constructive dialogue, and that the comments were intended to benefit Palermo by highlighting ways in which he could improve his performance. Thus, Palermo has not shown that the reasons articulated by Williams for providing the comments at issue were a pretext.

### 3. Failure to Provide 2008 Performance Evaluation

With respect to Defendant's failure to provide Palermo a final, signed copy of his 2008 Performance Evaluation, the undisputed facts show that Palermo received an unsigned copy of his 2008 Performance Evaluation. (R SAF Par. 12). In addition,

the record shows that, at the time Palermo's signed 2008 Performance Evaluation was submitted to personnel, Williams was transitioning between the Chicago and Dallas offices, and that Williams believed that Green would provide Palermo a final, signed copy of his 2008 performance evaluation. (Williams dep. 59-60). Palermo has not shown that Williams' stated reasons for not providing Palermo a signed copy of his 2008 Performance Evaluation were a lie. Nor has Palermo shown that there were not simply errors in processing his performance appraisal through Human Resources that created a delay in his receipt of his finalized 2008 Performance Evaluation when he requested it. Thus, Palermo has not shown that Defendant's reasons for failing to provide Palermo a final, signed copy his 2008 Performance Evaluation were a pretext. Based on the above, the court grants Defendant's motion for summary judgment on the Title VII race discrimination claim and the Title VII gender discrimination claim.

## IV. Indirect Method of Proof - Retaliation

Defendant contends that Palermo cannot proceed under the indirect method of proof on his retaliation claim. Under the indirect method of proof, a plaintiff must first make out a *prima facie* case of retaliation by establishing "that (1) []he engaged in a statutorily protected activity, (2) the [defendant employer] took a materially

adverse action against [him], (3) []he was performing her job satisfactorily, and (4) []he was treated worse than a similarly situated employee who did not complain of discrimination." *Hill v. Potter*, 625 F.3d 998, 1001 (7th Cir. 2010)(citations omitted). If the plaintiff establishes a *prima facie* case, the defendant employer must articulate a legitimate non-discriminatory reason for the action and the burden then shifts back to the plaintiff to show that the reason is a pretext. *Id.*

A.  *Prima Facie* Case

In regard to the *prima facie* case of retaliation, it is not disputed that Palermo engaged in statutorily protected activity or that he was meeting his employer's legitimate non-discriminatory expectations.  However, Defendant contends that Palermo did not suffer any materially adverse action and that Palermo has not pointed to a similarly-situated employee who did not engage in protected activity and who was treated more favorably than Palermo.

1.  Whether Palermo Suffered a Materially Adverse Action

Palermo argues that, even if Defendant's actions do not constitute adverse employment actions in the context of a discrimination case, Defendant's actions constitute adverse actions in the context of a retaliation case because "adverse action

is defined broader than the materially adverse actions required for Title VII substantive claims."  (Resp. 3).  In *Crews v. City of Mt. Vernon*, 567 F.3d 860, 868-70 (7th Cir. 2009), the Seventh Circuit indicated that it would not "dispense with the materiality requirement in retaliation cases."  *Id.* (discussing materiality requirement in discrimination and retaliation cases and applying it to discrimination and retaliation claims brought pursuant to the Uniformed Services Employment and Redeployment Rights Act).  An action is materially adverse if the action would "dissuade[] a reasonable worker from making or supporting a charge of discrimination."  *Id.* (citation omitted); *see also, e.g., Chapin*, 621 F.3d at 678.

The undisputed facts show that Palermo was not automatically entitled to receive the 2007 Bonus and that the maximum bonus Palermo could have received was $3,000.00.  (R SF Par. 16).  The record also shows that in another year, Palermo received a bonus of $700.00 and that another supervisor received a bonus of $1,000.00.  (Palermo dep. 30).  Based upon the above, Palermo has not shown that Defendant's denial of the 2007 Bonus was a materially adverse action.  In addition, as discussed above, Palermo has not provided sufficient evidence that the comments on his 2008 Performance Evaluation or that Defendant's failure to provide Palermo his final, signed 2008 Performance Evaluation had a material effect on his ability to gain employment.  Thus, Palermo has not identified any acts by Defendant that constitute a

materially adverse action.

## 2.  Similarly-Situated Employees

Even if Palermo had established that he suffered a materially adverse action, Defendant argues that Palermo has not identified any similarly-situated employees who were treated more favorably than Palermo.  Palermo has claimed that three other employees are similarly-situated for the purpose of his retaliation claim.  (R SAF 18).  We note that Palermo has not presented any evidence to show that those employees are similarly-situated.  In addition, Palermo believes one such employee engaged in statutorily protected activity and Palermo does not know whether the other two employees engaged in statutorily protected activity or not.  (R SAF 18).  Palermo therefore has not identified any employee outside the protected class who was treated more favorably than Palermo.  Palermo has failed to satisfy the similarly-situated element of his *prima facie* case of retaliation.  Since Palermo did not suffer a materially adverse action and did not identify any similarly-situated employees, Palermo has failed to establish a *prima facie* case of retaliation.

## B.  Legitimate Reason and Lack of Pretext

Defendant has provided legitimate non-discriminatory reasons for the actions

Palermo asserts were taken in retaliation for his engaging in protected activity. As discussed above, Palermo has failed to point to sufficient evidence to show that Defendant's stated reasons were a pretext. It is undisputed that Williams and Green were aware of Palermo's protected activity. (R SAF Par. 2, 17). Palermo has not presented any evidence that the Committee was aware of his protected activity or that Williams or Green unreasonably delayed in resubmitting Palermo's nomination for the 2007 Bonus. Thus, Palermo has not shown that the stated reason for denying him the 2007 Bonus was a pretext for retaliation.

In addition, it is undisputed that Palermo has a long history of engaging in protected activity. (R SF Par. 3). While, as noted above, it is undisputed that Williams and Green were aware of Palermo's protected activity, Palermo has not pointed to evidence indicating when Williams and Green learned of his protected activity so as to show that the actions he complains about were a result of that knowledge. Instead, Palermo fatally relies upon his own personal speculation that Defendant's actions were taken in retaliation for Palermo's protected activity. (R SF Par. 10-12); (R SAF Par. 16). *Springer,* 518 F.3d at 484; *Oest*, 240 F.3d at 615. Therefore, the court grants Defendant's motion for summary judgment on the Title VII retaliation claim.

## CONCLUSION

Based on the foregoing analysis, the court grants Defendant's motion for summary judgment on the Title VII race discrimination claim, the Title VII gender discrimination claim, and the Title VII retaliation claim.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   March 22, 2011